[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This motion is directed at a complaint which the plaintiff characterizes as one sounding in defamation of character and slander. The defendant is a case worker for the Department of Children and Families (DCF). The complaint appears to allege that the defendant case worker investigated a complaint of child abuse made apparently by the father of an eight year old child. The complaint alleges that the defendant trespassed in some undefined manner in going to his temporary residence and that her investigative efforts caused the plaintiff to be late for work which led to him receiving a Fate report. The complaint then goes on to say that the defendant relied on malicious, scandalous, false and defamatory charges of the father of the child in initiating her investigation. The plaintiff denies physically assaulting the child in any way. The plaintiff says his conversations with the defendant were negative and he characterizes her as a narrow, biased, bigoted and cunning individual who did not properly investigate the case. He goes on to say that the defendant did not return his calls, that he suffered damage because of the defendant's inaccurate, false and malicious statements. He never clearly indicates in this complaint whether the statements were made solely to him or other people. In paragraph 4 of the complaint, there is a vague reference to the story involving his alleged abuse that appeared in a local newspaper but it is not clear from this paragraph what, if any, involvement the defendant had in causing such an article to appear.
The motion to dismiss is based on the claim of lack of subject matter jurisdiction. The defendant argues that if the suit is directed against the defendant in her official capacity, the doctrine of sovereign immunity acts as a bar to any claim for a monetary award against the state or its officials. In the absence of legislative authority, no monetary award against the state may be permitted. It is also argued that the plaintiff's action is subject to dismissal under the doctrine of failure to exhaust administrative remedies. The defendant argues that there was no legal barrier to the presentation of the plaintiff's claim to the claims commissioner under § 4-141 et seq of the General Statutes. Under § 4-160, the claims commissioner can in effect wave the state's sovereign immunity and authorize suit. The defendant argues that the plaintiff failed to exhaust his administrative remedy seeking CT Page 8918 permission to sue from the claims commission and therefore the matter should be dismissed, Doe v. Heintz, 204 Conn. 17 (1987). The defendant also argues that even if the complaint is characterized as a suit against the defendant in her individual capacity, she is entitled to statutory immunity afforded to state employees pursuant to C.G.S. § 4-165. Before the court discusses the claims being made by the defendant, it is necessary to describe the setting in which this motion was heard and is being acted upon by the court.
To the court's memory, the first time this motion was set down, the plaintiff appeared late after defense counsel reported to the court and had left the building. The court told the plaintiff he should return on the following short calendar date. The plaintiff said he had a job interview and could not return and in fact did not appear on the next scheduled date. He did not call the clerk's office to explain his absence or request a new date. The court still took no action on the motion and had the court clerk write the plaintiff a letter inquiring whether he wanted oral argument and telling the plaintiff that if he was not heard from by June 22, 2001, the court would decide the matter on the papers. The plaintiff did not contact the court, indicate he wanted further argument nor did he submit any memorandum or affidavits.
As indicated that complaint is difficult to analyze and it is not easy to determine whether the suit is brought against the defendant in her official capacity or against her in her individual capacity. The court will analyze the complaint on the assumption that it can be read as being brought on either of these two claims.
 I
If the complaint is considered as being brought against the defendant in her official capacity, it is true that arguably the requirements of P.B. § 10-68 have not been complied with because the plaintiff has not pled that resort was had to the claims commissioner procedure set forth in § 4-141 et seq of the General Statutes. Therefore, the court may be able to assume that there has not been an exhaustion of administrative remedies. But the exhaustion requirement only arises in the context of sovereign immunity and terms on which it may be waivable. Sovereign immunity does not bar suits against state officials acting in excess of their statutory authority or pursuant to an unconstitutional statute, Horton v. Meskill, 172 Conn. 615, 624 (1977); Shay v. Rossi,253 Conn. 134, 169 (2000). As Shay indicates, excess of statutory authority has not been defined. Id., 170. But even given the complaint its most favorable reading, the defendant was acting in fulfillment of her job responsibilities. Unlike the situation in Shay there is nothing to indicate that the defendant pursued her actions and made her statements CT Page 8919 to further her own improper scheme or justify her coverup previously unjustified actions. There is thus no allegation of self-serving motives that would take the defendant's action outside of any cognizable statutory purpose associated with fulfilling her job requirements,253 Conn. at pp. 173-74. As the Shay court seems to indicate, some such allegations appears to be necessary, since otherwise any tort would not be subject to statutory immunity because "it could hardly be contended that any such official was statutorily authorize to commit a tort." Id., 172.
The court concludes that the foregoing reasoning alone would justify the granting of the motion on the face of the pleadings. But in any event, the defendant has submitted an affidavit unresponded to by the plaintiff. In it the defendant sets forth the reasons for the investigation in this matter; it would appear that she had a duty to investigate the allegations of child abuse given the facts brought to her attention. She also denies communicating any information about the case to the local newspaper which the plaintiff, as noted, vaguely indicates reported on the story but does not clearly indicate how this had anything to do with the defendant. The defendant's affidavit further corroborates the conclusion the court inferred from an examination of the complaint. Insofar as the complaint is brought against the defendant in her official capacity, it must be dismissed.
 II
Merely because a claim will not lie against a state employee sued in her official capacity because of sovereign immunity, that would still not preclude a suit against such a defendant in her individual capacity under § 4-165 of the General Statutes. The court will assume the complaint can be read as being filed against the defendant or in her individual capacity. The question becomes whether the conduct was "wanton, reckless and malicious" under the terms of § 4-165. If the conduct of defendant can be characterized in this way, the state employee sued individually is not entitled to the immunity § 4-165 otherwise gives. The allegations of the complaint, using the just-mentioned statutory language, are devoid of factual allegations that would allow the conduct of the defendant to be characterized is wanton, reckless and malicious. It is not alleged, for example, that the defendant knew the allegations of child abuse made by the mother and child were false. At the most it is alleged that the defendant relied solely on her conversations with the complainant father as a basis to make inquiry. This can hardly be characterized as acting with a reckless disregard of the rights of others, Dubay v. Irish, 207 Conn. 518, 532-33 (1988). This court is not prepared to accept as permissible the chilling effect on state workers investigating child abuse cases that would be created by CT Page 8920 allowing the actions of DCF workers to be characterized as wanton and reckless when they investigate a matter even if it is grounded solely on the basis of a complaint by the child and/or its parent. Furthermore inShay the court analogized the test to be applied under § 4-165 to determine if conduct is wanton, reckless and malicious to the test earlier used by the court in deciding whether sovereign immunity was a bar to an action against the state official acting in her official capacity, that is outside of her statutory authority, 253 Conn. at p. 182. There is no allegation here in the complaint that the defendant made her investigation or repeated statements made to her to advance her own interest or for an improper motive. It really comes down to this instances of child abuse are not often actually witnessed by state workers charged with investigating such complaints and protecting children. Such workers often are able only to rely on statements from the child, the parents, relatives or concerned citizens. When such complaints of endangerment to children are alleged, the state has no higher responsibility than that they be investigated. Necessarily, such an investigation requires the investigator to repeat allegations made. There is no allegation here that the DCF worker knew the allegations made were false at the time she made her investigation, or even that she published the allegations made in a manner not required to carry out the investigation in a proper manner. Recklessness, wantonness and maliciousness are not free-floating concepts, flying in the abstract heavens they must be rooted in the practical situation in which they are alleged. The bare-boned allegations of this complaint cannot support a finding of recklessness, wanton or malicious activity such as would waive the immunity otherwise granted under § 4-165.
The court's characterization of the allegations of the complaint is complemented by the unrebutted affidavit submitted by the defendant. That affidavit supports the conclusion that the defendant did not act recklessly, wantonly or maliciously. The motion to dismiss is granted as to any claim against the defendant in her individual capacity.
 ________________ CORRADINO, JUDGE